UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE W. SHUFELT, CDCR #T-65128,<br><br>         Plaintiff,<br><br>vs.<br><br>J. SILVA; S. PASHA; M GLYNN; S. ROBERTS; R. WALKER; J. LEWIS; R. ZHANG<br><br>         Defendants. | Case No.: 3:17-cv-01652-LAB-PCL<br><br>**ORDER: (1) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT; and (2) DENYING PLAINTIFF'S MOTION FOR RELIEF PURSUANT TO FRCP 60(b)** |

**I. Procedural History**

On August 16, 2017, George W. Shufelt ("Plaintiff"), proceeding pro se and currently incarcerated at High Desert State Prison in Susanville, California, filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff claimed that his Eighth Amendment rights were violated when he was housed at the Richard J. Donovan Correctional Facility ("RJD") in 2014 and 2015.

/ / /

1

1 | In addition, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant
2 | to 28 U.S.C. § 1915(a) (ECF No. 3). On September 25, 2017, the Court GRANTED
3 | Plaintiff's Motion to Proceed IFP but simultaneously DISMISSED his Complaint for
4 | failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. (ECF No. 4.)
5 | Plaintiff was granted leave to file a First Amended Complaint in order to correct the
6 | deficiencies of pleading identified in the Court's Order. (*Id.*)

Plaintiff then sought an extension of time to file his amended pleading. (ECF No. 6.) Plaintiff's request was GRANTED and he was instructed to file his amended pleading by December 19, 2017. (ECF No. 7.) However, instead of filing his amended pleading, Plaintiff filed a "Motion for Relief from Order based on mistake under F.R.C.P. 60(b)." (ECF No. 9.) In this Motion, Plaintiff expresses his disagreement with several of the Court's findings in the September 25th Order and sought relief from the Court's instruction that he comply with S.D. CivLr 8.2(a). This local rule provides that "[c]omplaints by prisoners under the Civil Rights Act, 42 U.S.C. § 1983, must be legibly written or typewritten on forms supplied by the court" and "[a]dditional pages not to exceed fifteen (15) in number may be included with the court approved form complaint, provided the form is completely filled ion to the extent applicable." S.D. CivLr 8.2(a).

However, one day after filing this Motion, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 10.) Therefore, Plaintiff's Motion for Relief from Order is DENIED as moot.

**II.    Sua sponte screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

        A.    <u>Standard of Review</u>

As the Court informed Plaintiff in the previous Order, notwithstanding Plaintiff's IFP status or the payment of any partial filing fees, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the

terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

The court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).

1 | As currently pleaded, the Court finds that Plaintiff's First Amended Complaint contains factual content sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), because it alleges Eighth Amendment claims which are plausible on its face. *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (prison officials' deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment).

Accordingly, the Court will direct the U.S. Marshal to effect service upon the named Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## III. Conclusion and Order

For the reasons explained, the Court:

1. **DIRECTS** the Clerk to issue a summons as to Plaintiff's First Amended Complaint (ECF No. 10) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each named Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of the Court's September 25, 2017 Order granting Plaintiff IFP status, a certified copy of his First Amended Complaint and the summons so that he may serve the named Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service*, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

///

///

///

2.      **ORDERS** the U.S. Marshal to serve a copy of the First Amended Complaint and summons upon the named Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3);

3.      **ORDERS** the named and served Defendants to reply to Plaintiff's First Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond); and

4.      **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon the named Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. CAL. CIVLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon Defendants may be disregarded.

/ / /
/ / /
/ / /
/ / /
/ / /

5. **DENIES** Plaintiff's "Motion for Relief from Order" (ECF No. 9) as moot.

**IT IS SO ORDERED**.

Dated: December 21, 2017

*[signature]*
HON. LARRY ALAN BURNS
United States District Judge